59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby Eugene LUCKY, Plaintiff--Appellant
v.
COUNCIL ON JUDICIAL COMPLAINTS, J. Duke Logan; Anthony M.
Massad; Howard Conyers; Paul M. Vassar; Daniel
Owens, Defendants--Appellees.
 No. 94-6433.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court adopting the report and recommendation of the magistrate judge which finds that pro se petitioner's complaint alleging violations of his constitutional rights in violation of 42 U.S.C. Sec. 1984 is frivolous and without merit. On appeal, petitioner alleges that the district court erred in finding that Oklahoma State Judge Daniel Owens is absolutely immune for any actions taken in his judicial capacity and that petitioner has no right to require the Council on Judicial Complaints to investigate a complaint or to state its reasons for the dismissal of the complaint. We affirm.
 
 
 3
 Construing pro se petitioner's complaint liberally, as we must, we find no error in the determination of the district court that Judge Owens was absolutely immune for his actions when he denied plaintiff an opportunity to file a direct appeal out of time. Judge Owens' determination in petitioner's case is clearly an exercise of his judicial function for which he is absolutely immune. Further, to the extent that petitioner seeks redress against the Council on Judicial Complaints, petitioner has no constitutional right to have an individual prosecuted or disciplined by this Council. See Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1568 (10th Cir.1993).
 
 
 4
 We further agree with the district court and the magistrate judge that petitioner's complaint was frivolous and we AFFIRM the dismissal under 1915(d).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470